Opinion delivered June 15, 1887.

———————————

No. 5521.

JOHN CLARK *v.* THE STATE.

UNLAWFULLY FENCING THE LAND OF ANOTHER—EVIDENCE.—See the opinion for the substance of evidence held insufficient to support a conviction for unlawfully fencing the land of another.

APPEAL from the County Court of Falls. Tried below before Z. I. Harlan, Esq., special County Judge.

The opinion states the case. The penalty imposed was a fine of fifty cents per acre for four acres of land.

No brief for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. This is an information for unlawfully, willfully and knowingly fencing the lands of another.

This appears to be a case wherein there is a contention between two adjoining land owners as to the true location of their division line. Whatever a proper civil action might determine as to where the land of the one begins and the other ends, it is clear that the case does not exist here to which the Act of February 7, 1884, was meant to apply. Appellant appears to have all along made claim to that portion of the land upon which the fence was erected, and it also appears that his vendors made a similar claim. A criminal prosecution is not the form of action in which to test property rights. Upon this subject Mr. Greenleaf has well said: "Where the goods were taken under a claim of right, if the prisoner appears to have had any fair color of title, *or if the title of the prosecutor be brought into doubt at all,* the court will direct an acquittal, it being improper to try such disputes in a form of process affecting men's lives and liberties or reputation." (Vol. 3, sec. 151, note 1.)

Because of the insufficiency of the evidence to support the verdict the judgment is reversed and the cause remanded.

*Reversed and remanded.*